SENTELLE, Senior Circuit Judge,
dissenting:
I would affirm the grant of summary judgment by the district court. I agree with that court that the federal courts have no jurisdiction over this action. My reasoning is not precisely the same as the lower court. This, of course, presents no problem, as we review a district court’s grant of a “motion to dismiss for lack of standing” de novo. Info. Handling Servs., *10 Inc. v. Def. Automated Printing Servs., 338 F.3d 1024, 1029 (D.C.Cir.2003).
The majority opinion sets forth the facts and the history of this matter, and I have no reason to rehash the same here. The majority also sets forth the requirements for standing:
(1) “an ‘injury in fact’ that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.”
Maj. Op. at 5 (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119-L.Ed.2d 351 (1992))). Again, I have no quarrel with the majority’s recitation of the matters of principle, but I do conclude that its application of the first element is too broad. As the Supreme Court has made plain, “the plaintiff must have suffered an ‘injury in fact’ — an invasion of a legally protected interest. ...” Lujan, 504 U.S. at 560, 112 S.Ct. 2130 (emphasis added). The interest appellants asserted in this case was then-interest in viewing the property of others. I know of no legal protection for that interest, nor have either the appellants or the majority made me aware of any.
It is true, as the majority asserts, “that harm to ‘the mere esthetic interest of the plaintiffs ... will suffice’ to establish a concrete and particularized injury.” Maj. Op. at 5 (quoting Summers v. Earth Island Inst., 555 U.S. 488, 494, 129 S.Ct. 1142, 173 L.Ed.2d 1 (2009)). However, this does not establish that the legally protected aesthetic interest of would-be plaintiffs encompasses the legally protected right to peer into the property of others. It is true, as the majority states, that such cases as Animal Legal Def. Fund, Inc. v. Glickman, 154 F.3d 426, 431 (D.C.Cir.1998) (en banc), and Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed.2d 610 (2000), may support a generalization that “injury in fact can be found when a defendant adversely affects a plaintiffs enjoyment of flora or fauna,” Maj. Op. at 5 (quoting Am. Soc’y for Prevention. of Cruelty to Animals v. Ringling Bros. & Bamum & Bailey Circus, 317 F.3d 334, 337 (D.C.Cir.2003)). Nonetheless, none of these cases would lead me to suppose that my neighbor has a legally protected right that I have invaded when I trim the grass and behead the clovers, which he enjoys viewing. As the majority recognizes, “the Coalition [appellants] puts forward no evidence that its members ... possess any legal entitlement to set foot on the privately owned property.” Maj. Op. 6. The majority fails to recognize that neither have they put forth any evidence of any legal entitlement to view that property-
As the Supreme Court has made clear, parties invoking federal jurisdiction bear the burden of establishing an “invasion of a legally protected interest.” Lujan, 504 U.S. at 560, 112 S.Ct. 2130 (emphasis added).[1] Appellants have offered nothing to *11 establish the invasion of any such interest. The dismissal of this action should be affirmed.

. Nothing in the majority’s reliance on the reformulation of Lujan’s language in Parker v. District of Columbia, 478 F.3d 370 (D.C.Cir. 2007), aff'd in part sub nom. District of Columbia v. Heller, 554 U.S. 570, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008), convinces me to the contrary. The transformation of "le-gaily protected interests" to "cognizable interests” effected by the Parker court relies on Claybrook v. Slater, 111 F.3d 904 (D.C.Cir. 1997), which establishes that we need not explore the merits of a claim in order to determine the claimant’s standing. It remains the case that "if the plaintiff's claim *11 has no foundation in law, he has no legally protected interest and thus no standing to sue.” Claybrook, 111 F.3d at 907.